## Lynch et al., Appellants, *v.* Gates.

Argued March 17, 1969. Before BELL, C. J., JONES, COHEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Ivan E. Birsic,* with him *John W. Latella,* and *Cauley, Birsic & Clarke,* for appellants.

*John J. Klein,* with him *Harvey E. Schauffler, Jr.,* for appellees.

OPINION BY MR. JUSTICE JONES, April 23, 1969:

The sole question involved on this appeal is whether certain property owners—whose properties directly adjoin land being used in a manner violative of a borough zoning ordinance—have sufficiently alleged in their complaint in equity such "special and peculiar" injury to their properties as entitles them to enforce the zoning ordinance.

Edwin Lynch and his wife, Irene, and Raymond Luptak and his wife, Dorothy, own properties located on Main Street, Munhall Borough, Allegheny County, which abut on both sides of property owned by John

Gates and his wife, Vivian. All the properties are located in an "A" Residence District wherein are permitted a "single detached dwelling, double houses and two-family dwelling" with a rear yard of at least 2,000 square feet. *As averred,* the Lynch and Luptak homes are single-family dwellings.* The Gateses have constructed on their property a six-family apartment with a parking area in the rear for tenants' parking which is less than 2,000 square feet. It is averred that the Lynches and Luptaks endeavored without success to have the Borough take action to enforce its zoning ordinance against the Gateses.

The Lynches and Luptaks instituted an equity action against the Gateses in the Court of Common Pleas of Allegheny County to restrain them from permitting the occupancy of their property by more than two families. Preliminary objections filed by the Gateses were sustained by the court below and permission granted to file an amended complaint. Upon the filing of an amended complaint, the Gateses again filed preliminary objections which were again sustained and the complaint dismissed. From that decree the instant appeal was taken.

The law in this area is well-settled. In *Burne v. Kearney,* 424 Pa. 29, 32, 225 A. 2d 892 (1967), we said: ". . . as a prerequisite to the attachment of equity jurisdiction, the adjoining or nearby property owner must aver—and later prove—that the alleged violation of the zoning ordinance has resulted in an injury not common to all the neighboring property owners but 'special and peculiar' to his property." See

---

* The court below in its opinion noted that the Lynches and Luptaks each had four families living on their properties. This comment by the court arose as the result of an argument by Gateses' counsel, but this statement is without any support of record and, of course, being dehors the record, is not before us.

also: *Kunkle v. Zaleski*, 417 Pa. 631, 208 A. 2d 840 (1965) ; *Phillips v. Griffiths*, 366 Pa. 468, 77 A. 2d 375 (1951) ; *DeBlasiis v. Bartell & Oliveto*, 143 Pa. Superior Ct. 485, 492, 18 A. 2d 478 (1941).

The present issue arose on the pleadings, which consist of a complaint and preliminary objections. In such a posture we accept as true all well-pleaded facts in the complaint. In their amended complaint the Lynches and Luptaks averred: "12. As a result of defendants' violation of the aforesaid zoning ordinance and due to the close proximity of plaintiffs' and defendants' buildings, plaintiffs have suffered special harm not common to all the property owners in the neighborhood as follows: (a) Plaintiffs will be subjected to a great increase of noise and congestion due to the fact that a larger number of families will be living in defendants' building; (b) There will be an increase in the everyday automobile and delivery truck traffic in the close proximity of plaintiffs' homes which deprives plaintiffs of the peaceful enjoyment of their homes. (c) Due to the fact that there is a parking lot in the rear of defendants' building in which defendants' tenants park, there will be added noise, confusion and commotion which deprive plaintiffs of the enjoyment of their property to the extent that they are entitled; (d) Due to the fact that there will be an excessive number of people living in the same area and due to the fact that defendants did not adhere to the building line requirements in the construction of their building, plaintiffs will be deprived of the privacy to which they are entitled to under the zoning ordinance aforesaid. (e) Due to the fact that defendants did not adhere to their building line requirements, plaintiffs are being deprived and will be deprived in the future of the light and air to which they are entitled to under the zoning ordinance; (f) Due to the fact that there will be an excessive num-

ber of people residing in a very close proximity to plaintiffs, plaintiffs will be subjected to the noise, congestion, and commotion of an excessive number of visitors and guests of defendants' tenants."

Whether the allegations of paragraph 12, supra, can be sustained by evidence at trial is not before us. We consider only the *sufficiency* of the allegations, and for this purpose such facts as are well pleaded must be accepted as true.

The court below ruled that the complaint was defective in that it did not aver any special damages or private injury to the Lynch and Luptak properties even though the use of the Gateses' premises might be in violation of the zoning ordinance. We disagree.

Our examination of the allegations of paragraph 12 convinces us that the complaint does meet the standards set forth in our case law, that it does aver injury and damage to the Lynch and Luptak properties not common to all other property owners in the vicinity and that these allegations are sufficient to entitle the Lynches and Luptaks to their "day in court."

Decree reversed and the matter remanded to the court below for proceedings consistent with the views expressed in this opinion. Each party to pay own costs.

Mr. Justice EAGEN took no part in the consideration or decision of this case.

