Plains Township *v.* Krasner.

Argued October 2, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John C. Giebus,* for appellant.

*Michael J. Lewis, Jr.,* with him *Jonathan D. Dunn,* for appellee.

OPINION BY JUDGE MENCER, December 22, 1972:

This is an appeal from the order of the Court of Common Pleas of Luzerne County reversing the con-

viction, in a summary proceeding, of John Krasner (Krasner) for violation of the Township of Plains (Plains) zoning ordinance.

Plains, a first class township, duly adopted a zoning ordinance which provided, *inter alia,* that it was necessary to apply for and obtain a permit prior to conducting a business in the Township. Section 9.061 of the zoning ordinance stated: "Any person, firm or corporation violating any regulation in, or any provision of, this Ordinance or any amendment or supplement thereto, shall be deemed guilty of a *misdemeanor* and, upon conviction thereof, shall be fined not more than One Hundred ($100.00) Dollars, or imprisoned not more than ten (10) days. . . ." (Emphasis supplied.)

The Act of July 31, 1968, P. L.     , No. 247, 53 P.S. §10101 et seq., known as the "Pennsylvania Municipalities Planning Code," provides, in Section 616 (53 P.S. §10616), under the heading, "Enforcement penalties," as follows: "Any person, partnership or corporation who or which shall violate the provisions of any zoning ordinance enacted under this act or prior enabling laws shall, upon conviction thereof in a *summary proceeding,* be sentenced to pay a fine of not more than five hundred dollars ($500). In default of payment of the fine, such person, the members of such partnership, or the officers of such corporation shall be liable to imprisonment for not more than sixty days. . . ." (Emphasis supplied.)

For several weeks prior to October 29, 1971, Krasner was operating a bookstore in a trailer in the Township of Plains without a zoning permit to operate such a business and without having made application, as required by the ordinance, to obtain such a permit. On October 29, 1971, Krasner was personally served a notice of violation which informed him that he was in violation of Sections 9.021 and 9.022 of the zoning or-

dinance and subject to a *summary conviction* if he continued in violation. Krasner continued operating his bookstore without applying for or obtaining the required permit. The zoning officer for Plains filed a complaint charging Krasner with violation of Sections 9.021 and 9.022 of Plains' zoning ordinance.

The complaint was duly served personally on Krasner and the matter came on for hearing before the District Magistrate as a *summary proceeding.* Krasner was found guilty as charged and fined $100 and required further to pay costs of $11. Krasner appealed to the Court of Common Pleas of Luzerne County, and that Court set aside his conviction on the reasoning that, since the zoning ordinance labeled the violation involved as a misdemeanor, an indictable offense, the District Justice could not convict for "offenses which are indictable." We must reverse.

This appeal is controlled by the case of *Commonwealth v. Schaeffer,* 98 Pa. Superior Ct. 265 (1930). In *Schaeffer,* the defendant was found guilty in a summary proceeding for violating a borough building ordinance, which authorized the imposition of a fine not exceeding $300 and a further fine of $10 for each day its provisions were violated. The defendant was found guilty and a fine of $25 and costs were imposed. The defendant contended that the ordinance was invalid because of the provisions of the Borough Code which provided that no fine should exceed $100 for any single violation of any ordinance. The Superior Court held that a conviction will be sustained where the penalty imposed did not exceed the limit prescribed by the Act of Assembly.

In *Schaeffer,* the Court recognized its duty to resolve any doubt in regard to the construction of an ordinance in favor of its validity, instead of defeating the purpose of an ordinance. Further, it recognized that,

*if an ordinance contains an unauthorized penal provision, the part of the penalty which is authorized may be sustained, while the unauthorized part will be held to be void.* Here we have the violation designated as a misdemeanor, which designation is unauthorized by Section 616 of the Pennsylvania Municipalities Code, 53 P.S. §10616, which authorizes prosecution of violations of zoning ordinances in summary proceedings. Since Krasner was convicted only in a summary proceeding, as authorized by the relevant Act of Assembly, the reasoning of *Schaeffer* applies, the incorrect nomenclature for the offense used in the ordinance is void, and Plains was correct in following the summary proceeding course authorized by the enabling law. *Commonwealth v. Schaeffer, supra,* is cited with approval in the recent case of *Commonwealth ex rel. Ransom Township v. Mascheska,* 213 Pa. Superior Ct. 195, 245 A. 2d 721 (1968), and is persuasive in the present case.

A summary conviction, being a lesser offense than a misdemeanor, and being authorized by the enabling act for a violation of a zoning ordinance, is proper, even though the zoning ordinance designates a violation to be a misdemeanor, an unauthorized designation under the enabling act. Plains did nothing that it was not entitled by law to do, and an incorrect designation of the ordinance violation has not prejudiced Krasner or deprived him of any procedural or substantive rights.

The order of the Court of Common Pleas of Luzerne County, reversing the conviction of John Krasner, is reversed, and the appeal of John Krasner from his conviction for a violation of the zoning ordinance of the Township of Plains is dismissed.