Appeal of John F. Cibula and Annie L. Cibula. John F. Cibula and Annie L. Cibula, Appellants. Bradford Township, Bradford Township Zoning Board of Adjustment and Pure Water Conditioning, Appellees.

Argued May 7, 1976, before Judges Crumlish, Jr., Wilkinson, Jr., and Blatt, sitting as a panel of three.

*Anthony H. Chambers,* with him *Chambers and Crisman,* for appellants.

*Murray R. Garber,* for appellees.

OPINION BY JUDGE WILKINSON, June 29, 1976:

Appellants purchased a piece of land in Bradford Township, McKean County. The property, approximately 14 acres in size, had a residence located thereon and was located in an area zoned residential. Following appellants' acquisition, Pure Water Inc., a company engaged in the drilling of water wells and the sale of water treatment equipment, bought property in the same area as appellants' property.

Pure Water Inc. applied to Bradford Township for a permit to build a commercial building on its residentially zoned lot. Following a denial, Pure Water Inc. filed for a variance before the Bradford Township Zoning Hearing Board. The Board held a hearing on August 20, 1975, and thereafter granted the requested variance. Appellants did not appear before the Board at the time of the hearing for the variance.

Appellants filed an appeal captioned "Appeal From Decision of Adjudication of Local Agency" to the Court of Common Pleas of McKean County. The appeal stated that it was filed pursuant to "Section 11307 of the Local Agency Law, P.L. 1133, 53 P.S. Amendment 301 et seq. and appeals from the decision

or adjudication of the Board of Zoning Adjustment of the Township of Bradford, County of McKean.''

The Bradford Township Zoning Board of Adjustment and Bradford Township filed a motion to quash on the grounds that the appeal was taken under the Local Agency Law, Act of December 2, 1968, P.L. 1133, *as amended*, 53 P.S. §11301 et seq.; whereas the statutory exclusive appeal procedure is provided by the Pennsylvania Municipalities Planning Code (PMPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10101 et seq., that the appellants failed to satisfy the procedural requirements mandated by the PMPC; and that appellants were not parties within the meaning of the PMPC and thus not entitled to take an appeal. The court below, by order of January 12, 1976, quashed the contested appeal and it is this order that is now appealed.

Section 1001 of the PMPC, 53 P.S. §11001, expressly provides that the procedure set forth in PMPC shall constitute the exclusive mode for securing review of any decision, determination or order of a local governing body of a municipality or its agencies or offices issued pursuant to the PMPC. Appellant agrees that the instant appeal had to be taken under the PMPC; however argues that the instant case presents a mere misstatement of statutory authority while following the required procedure.

The requirement that appeals be taken under the PMPC is mandatory. *See In Re: Appeal of Frank Merlino,* 19 Pa. Commonwealth Ct. 143, 339 A.2d 642 (1975); *Penn Township Board of Supervisors v. De-Rose,* 18 Pa. Commonwealth Ct. 626, 339 A.2d 859 (1975). In the instant case, appellants did not merely miscaption their appeal. The very authority for the action, as recited within the document, is in error.

Further, appellants failed to follow the requirements of Section 1007 of the PMPC, 53 P.S. §11007:

"Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map *shall first submit their objections to the zoning hearing board . . . .*" (Emphasis added.)

Appellants failed to submit objection to the zoning hearing board as required. The failure of appellants to use the proper procedure for appeal requires our affirmance of the lower court's opinion and order quashing appellants' appeal.

Affirmed.

Judge KRAMER did not participate in the decision in this case.