## Hahn v. Erie Insurance Exchange

636

*Joel H. Ziev,* for plaintiffs.
*Jackson M. Sigmon,* for defendants.

WILLIAMS, *J.,* December 22, 1976 — This matter comes before the court on defendants' preliminary objections in the form of a motion for a more specific pleading, a demurrer, and various motions to strike. Plaintiffs filed the original complaint in trespass and assumpsit, to which defendants filed preliminary objections. Thereafter, an amended complaint was filed containing nearly identical averments. Defendants renewed their objections bringing the matter before this court. We note that the court has been aided in the resolution of this matter by the well prepared briefs of both parties.

Plaintiffs' complaint alleges that defendant-insurer failed to indemnify plaintiffs for the loss of their modular home pursuant to a "Home Protector Policy" issued by defendant. According to the complaint, plaintiffs notified defendant's agent, Harold Heberling, on or about August 19, 1975, that their home had collapsed. Heberling informed them that the policy did not cover the risk. Plaintiffs relied on this representation and did not file proofs of loss. Subsequently they learned that the

denial of liability may have been in error and suit was initiated in assumpsit under the policy and in trespass based upon the alleged misrepresentation.

The ciritical issue in defendants' preliminary objections is whether plaintiff has stated a cause of action in trespass. Accordingly, we will address ourselves to defendants' demurrer to count two of the complaint, the action in trespass. For purposes of a demurrer, all well-pleaded facts are deemed admitted: Lynch v. Gates, 433 Pa. 531, 252 A.2d 633 (1969); Madara v. Commonwealth, 13 Pa. Commonwealth Ct. 433, 323 A.2d 401 (1974).

The underlying action here is an insurance claim premised on an insurance contract. It is possible, of course, to have a tort claim arise out of a contractual relationship: the negligent performance of a duty created by a contract gives rise to a cause of action in trespass: Henry Bower Chemical Mfg. Co. v. Selas Corp. of America, 85 Montg. 217 (1965); fraudulent performance of a contract is grounds for a tort action: Universal Film Exchanges, Inc. v. Hirsch, 21 D. & C. 2d 154 (1960); bad faith on the part of one party to the contract may give rise to an action in negligence: Epstein v. Erie Indemnity, 39 D. & C. 117, aff'd per curiam 340 Pa. 417, 16 A.2d 47 (1940). A landlord's promise to repair leased premises may give rise to an action in trespass or assumpsit: Reitmeyer v. Sprecher, 431 Pa. 284, 243 A.2d 395 (1968). The contract may be such that the public welfare imposes on it such controls that the duties created go beyond contractual rights and create rights actionable in trespass: Behrend v. Bell Telephone Co., 53 D. & C. 2d 421 (1971).

While the above is not exhaustive, it is illustra-

tive. It is not an answer to the case at bar, however. To determine if an action in trespass lies, it is necessary to review the elements of such a claim.

"The essential elements of a prima facie case based on negligence are (1) the act or omission to act where there is an affirmative duty to do so (Ebbert v. Philadelphia Elec. Co., 330 Pa. 257 (1937)); (2) the establishing of some duty owed by defendant to plaintiff; (Stevens v. Reading St. Ry. Co., 384 Pa. 390 (1956)); (3) the breach of that duty by defendant's act or omission to act (i.e., defendant's conduct has in some manner fallen short of the duty of care owed to plaintiff) (Stevens v. Reading Ry. Co., supra); (4) proof that defendants' acts are the actual cause of harm to plaintiff (Whitner v. Lojeski, 437 Pa. 448 (1970)); and (5) a legal demonstration that the policy of the law extends the responsibility for the conduct to the consequences which have, in fact, occurred, i.e., whether in law defendants' actions are the proximate cause of plaintiff's injuries; whether the duty owed extends to the particular plaintiff." Behrend v. Bell Telephone Co., 53 D. & C. 2d 421, at 425 (1971).

A key issue for determination is whether defendant insurance company and its agent owed a duty to its insured which has been breached. An insurance agent owes certain duties to the insured. See 3 Couch on Insurance 2d, §25:37. Among these is the duty to provide correct information regarding the scope of coverage under a liability policy. This has provided a basis for liability, however, only when the information provided to the insured was that certain risks were covered by the policy when, in fact, they were not: Aresto v. Milie, 184 Pa. Superior Ct. 114, 133 A.2d 304 (1957). The question of whether false information to the effect that

the policy does not cover a given incident gives rise to a negligence action is a novel one. A denial of liability does act as a waiver of policy provisions requiring proof of loss within a specified time: Arlotte v. National Liberty Insurance Co., 312 Pa. 442, 167 Atl. 295 (1933), and we conclude that it may also be a breach of a duty owed to the insured.

Insurance policies have a deserved reputation for incomprehensibility. As the insurance policy is drawn by defendant, plaintiff-insured reasonably relies on the interpretation of that policy by the agent of insurer. Additionally, the Unfair Insurance Practices Act of July 22, 1974, P.L. 589 (No. 205), 40 P.S. §1171.1 et seq., imposes a duty on insurance carriers to not misrepresent policy coverage, to adopt reasonable standards for investigation of claims, and to provide a reasonable explanation for the denial of a claim. The mere fact that there has been a breach of duty does not establish liability, however. There must also be a showing that defendant's acts are the actual cause of harm to plaintiff.

In those cases in which the insured is falsely informed that his policy will protect him when, in fact, it does not, the resulting loss to plaintiff is obvious. Without the protection of the insurance, the insured is forced to expend his own moneys to cover any loss suffered. In the case at bar, the loss due to the incorrect information supplied to the insured by the agent is unclear. In fact, the damage alleged in paragraphs nineteen through 23 of plaintiffs' amended complaint does no more than restate the damage resulting from losses covered by the "Home Protector Policy". Thus, paragraph nineteen alleges that no funds were available to rebuild as a result of the breach, but this damage is

related solely to defendants' failure to pay, as opposed to the agent's failure to exercise due care in investigating the claim. Paragraph 20 alleges a loss of the use and enjoyment of the home, which is the loss against which the policy protected and is unrelated to any negligence on the part of the agent. Paragraph 21 alleges an increased cost of rebuilding due to inflation. While this cost is related to the delay in payment caused by the agent's negligence, it is recoverable in assumpsit in that interest on the amount owed is recoverable from the date of the loss: Western & A. Pipe Lines v. Home Ins. Co., 145 Pa. 346, 22 Atl. 665 (1891); Gardner v. Freystown Mutual Fire Ins. Co., 350 Pa. 1, 37 A.2d 535 (1944). Paragraph 22 alleges lost rental value, but there is no allegation that plaintiffs rented the property. Paragraph 23 alleges that plaintiffs have had to expend certain rental costs while they have not had their home. To the extent that any living expense after the date of the loss is higher than living expenses prior to the loss, the homeowner policy covers such loss. Consequently, there is no suggestion that the misinformation has caused any loss or aggravated its effect. There can be no action in trespass if no damages result from the breach of duty: Gedeon v. State Farm Mutual Auto. Insurance Co., 410 Pa. 55, 188 A.2d 320 (1963), unless, of course, there is an allegation of fraud or bad faith in the performance of the contract: Epstein, supra; Karp v. Sun Insurance Office, 82 D. & C. 392 (1952). At oral argument plaintiffs' counsel stressed that the action was premised solely on negligence and not on fraud or bad faith. Not only is there a failure to allege any direct damages due to the agent's negligence, there is no indication that the risk of loss to

the plaintiffs was increased by defendant's negligence. Thus, a negligence action is barred on this theory, also: DeJesus v. Liberty Mutual Insurance Co., 423 Pa. 198, 223 A.2d 849 (1966).

Plaintiffs' brief relied on §552 of the Restatement of Torts for a theory of liability in this case. This section, which deals with negligent misrepresentation, has been adopted in Pennsylvania: Renn v. Provident Trust Co., 328 Pa. 481, 196 Atl. 8 (1938). However, a review of the case law shows that this section has been applied only when plaintiff has relied on information supplied by defendant for use in plaintiffs' business dealings with a third party. That is not the case here. Moreover, even if this section were to be applied to the facts of this case, there is no showing that the misrepresentation caused any damages to the plaintiffs.

At argument plaintiffs' counsel suggested an alternative theory of liability. He suggested that insurance companies, as a regulated business in the Commonwealth, owe a greater duty to the public than that imposed by the insurance contract with the insured. Plaintiffs suggest that defendant is under a duty to disclose that the insured has a right of action against the insurer if the insurer denied liability. Plaintiffs have cited no case in support of this novel theory.

The duty to disclose has been developed most strongly in the securities market. However, in this field the duty has been imposed by statute or as an outgrowth of the common law of fraud. In the latter case the law has required a knowing concealment by the person who has superior knowledge before liability has been imposed.

Our limited research has revealed only one case which is relevant to plaintiffs' theory. In Behrend

v. Bell Telephone Co., supra, plaintiff was denied a listing in the phone directory. After various attempts to challenge the exclusion were dismissed for improper form or forum, plaintiff finally brought suit in trespass. The court cited the extensive regulation of defendant by the Public Utility Commission, and the duty in law to provide directory service. "[T]he obligation of the telephone company to furnish service is more than a contractual obligation; it is a duty upon the public utility to provide service to those who request it and pay their charges." 53 D. & C. 2d 421, at 430. The case at bar is similar in that insurance companies are subject to extensive regulation in the Commonwealth. Further, the Unfair Insurance Practices Act of July 22, 1974, P.L. 589 (No. 205), 40 P.S. §1171.1 et seq., imposes certain obligations upon the insurer. Among the unfair practices set forth in §1171.5(a)(10) of the act are misrepresentation of facts relating to policy coverage, failure to adopt reasonable standards for prompt investigation of claims, failure to act in good faith, and failure to provide reasonable explanation of the basis for the denial of a claim. In that case, however, plaintiff claimed damages for which there was no alternative remedy. While we are aware that an action in trespass or contract may lie on the same set of facts, we are of the opinion that with regard to the theory of Behrend, that where there is a duty owed to the public and the party to the contract which may go beyond the terms of the contract, a cause of action in trespass will lie only when the breach of that duty causes damage for which there is no remedy in assumpsit. As that has not been alleged here, there can be no cause of action in trespass.

Turning to defendants' other preliminary objec-

tions, we will consider them serially. Paragraph thirteen of the amended complaint sets forth the damage to plaintiffs' property as being "substantially greater than Twenty-Six Thousand and 00/100 ($26,000) Dollars," the face amount of the policy. Paragraph twelve of the amended complaint states only that the value of the home was over $26,000 and that a total loss has resulted. Defendants have requested a more specific pleading, which request is reasonable in light of the conditions imposed in the policy. The pleadings shall allow defendants to adequately prepare a defense: Gross v. United Engineers and Constructors, 224 Pa. Superior Ct. 233, 302 A.2d 370 (1973).

Defendant also seeks to strike paragraphs 20 through 23 of the amended complaint. Plaintiffs' cause of action is in assumpsit. The measure of damages for such an action is compensation for the loss: Lambert v. Durallium Products Corp., 364 Pa. 284, 72 A.2d 66 (1950). In an insurance action, plaintiff's claim is determined by the terms of the policy. In the case at bar, therefore, paragraphs nineteen through 23 are superfluous inasmuch as paragraph fifteen claims damages under the terms of the policy.

Finally, defendants seek to strike plaintiffs' claim for punitive damages. Both parties concede that punitive damages are generally inappropriate for breach of contract. Restatement Contracts §342. There is nothing in the case at bar to suggest an exception to the rule.

Accordingly, we enter the following

## ORDER

And now, December 22, 1976, defendants' preliminary objections in the form of a request for a

more specific pleading, a demurrer, and motions to strike are granted in their entirety. Plaintiffs are given leave to file a second amended complaint in accordance with the foregoing opinion within 20 days from the date hereof.