537 A.2d 73

Frye Construction, Inc., Appellant *v.* City of Monongahela et al., Appellees.

Submitted on briefs October 5, 1987, to Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Frank A. Conte,* for appellant.

*Clyde G. Tempest,* for appellee, City of Mononga-hela.

*Raymond P. Amatangelo,* for John A. and R. Carole Zentek, appellees.

OPINION BY SENIOR JUDGE KALISH, February 5, 1988:

Appellant, Frye Construction Co., Inc. (Frye), appeals an order of the Common Pleas Court of Washington County which sustained a demurrer to a claim for equitable and mandamus relief. We affirm.

The city engineer of the City of Monongahela approved an application for a building permit filed by John and Carole Zentek to erect a "lawn-building storage accessory use to a residence" in their rear yard. The Zenteks instead constructed a carrier pigeon loft, housing numerous carrier pigeons, and added additional buildings to the carrier pigeon loft. Frye is the owner of three lots adjacent to the Zentek property.

Frye filed a complaint against the Zenteks in the equity court alleging that the Zenteks in their application for a building permit to construct a lawn building as an accessory use, made false statements and actually built a carrier pigeon loft, which is not a permissible use. Frye seeks, in relief, an order compelling the Zenteks to remove the pigeon loft; and in addition Frye alleges it suffered a loss in value to its property for which it seeks monetary damages.

The mandamus count against the municipality and its officers alleged that Frye has requested that the pigeon loft be removed from the Zentek property. Frye requests that the Board of Appeals conduct a zoning hearing and make a decision since the City of Mononga- hela has failed or refused to enforce the law or conduct a hearing in violation of section 10908 of the Municipal- ities Planning Code (Code), Act of July 31, 1968, P. L. 805, *as amended,* 53 P.S. §10908.

The Zenteks filed preliminary objections in the na- ture of a demurrer contending that Frye did not exhaust its statutory remedy since it did not follow the proce- dure requirements of section 11001 of the Code, 53 P.S. §11001. The municipality also contends that mandamus does not lie. The trial court dismissed all counts in eq- uity and mandamus.

Mandamus is an extraordinary writ which will issue to compel performance by a governmental agency of a ministerial act, where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant and want of any other equitable and appropriate remedy. *Equitable Gas Co. v. Pittsburgh,* 507 Pa. 53, 488 A.2d 270 (1985).

Section 11007 of the Code as implemented by sec- tion 11005 of the Code provides that a person aggrieved who desires review of an officer's decision shall submit his objections to the zoning board with a written re- quest to the board to hold a hearing with a short state- ment reasonably informing the board of the matters that are in issue and the grounds for the challenge. Only up- on a report of the board, when issued, may there be an appeal to the court.

In the context of zoning, our Supreme Court has held that mandamus will lie where the landowner's right to a permit will lie. *Lindy Homes, Inc. v. Sabatini,* 499 Pa. 478, 453 A.2d 972 (1982). In the instant case Frye

seeks a zoning hearing and seeks to compel the officers to perform their duty by enforcing the law. Unlike the issue in *Lindy* where the permit could rightfully be refused in the first instance and thus warrant resort to mandamus, the ordinance here plainly required compliance with certain procedures before the zoning board can hold a hearing, namely, a written request to the board to hold a hearing plus a written statement reasonably informing the board of the matter complained of. This was not alleged in the complaint, nor was there any reason offered why Frye should not be required to comply. Frye simply alleges that it asked the board to hold a hearing, and the municipality to enforce the law.

The statutory remedy for a hearing was adequate. This is not a situation where mandamus is discarded and resort must be had to an administrative hearing, thus burdening the landowner with an inadequate remedy. Like all aggrieved parties, all Frye had to do was to follow simple requirements which it failed to do.

While the zoning ordinance gives the proper officer power to enforce the ordinance provisions, as an arm of the zoning board, Frye has no clear right to enforcement. In certain instances the officer may not seek to enforce the letter of the law for some reason or another. *Riccardi v. Board of Adjustment of Plymouth Township*, 16 Pa. D. & C. 2d 243 (1958), *aff'd per curiam*, 394 Pa. 624, 149 A.2d 50 (1959).

The Pennsylvania Municipalities Planning Code established the exclusive method and procedures of appeal or review of any decision, determination or order of the governing body of a municipality or officers or agencies. Section 11001 of the Code, 53 P.S. §11001. *Cibula v. Bradford Township*, 25 Pa. Commonwealth Ct. 333, 360 A.2d 812 (1976). Section 10006(c) of the Code provides that appeals shall lie exclusively with the zoning hearing board which shall hear and decide appeals

where it is alleged that the zoning officer failed to follow prescribed procedures. Based on these provisions, we have concluded that equity has no jurisdiction to adjudicate preliminarily or otherwise the validity of a permit. *Soltis v. Hanover Associates,* 22 Pa. Commonwealth Ct. 637, 350 A.2d 217 (1976); *Visual-Educational Devices, Inc. v. Springettsbury Township,* 54 Pa. Commonwealth Ct. 529, 422 A.2d 235 (1980).

Frye's equity action against the Zenteks, while couched in the form of a misrepresentation in a zoning application, is simply a device to do indirectly that which it could not do directly, that is, an attempt to use equity to adjudicate a zoning matter. Frye seeks removal of the pigeon loft as a nonpermissible use on the basis that the zoning officer failed to follow prescribed procedures. Equity has no right to decide preliminarily or *otherwise* the validity of the permit.

Accordingly, we affirm.

### ORDER

NOW, February 5, 1988, the order of the Court of Common Pleas of Washington County at No. 8296, dated October 16, 1986, is affirmed.

Judge MACPHAIL dissents.