584 A.2d 946

**FRYE CONSTRUCTION, INC., Appellant,**

**v.**

**CITY OF MONONGAHELA, Robert A. Lohr, City Engineer of the City of Monongahela, Board of Appeals of the City of Monongahela and John A. Zentek and R. Carole Zentek, his wife, Appellees.**

Supreme Court of Pennsylvania.

Submitted March 8, 1990.

Decided Jan. 9, 1991.

Reargument Denied March 18, 1991.

Frank A. Conte, Frank A. Conte, P.C., Washington, for appellant.

Clyde G. Tempest, Monongahela, for City of Monongahela.

Raymond P. Amatangelo, Donora, Janette Baisley, for John A. Zentek and R. Carole Zentek, his wife.

Richard R. Victoria, Belle Vernon, for Robert A. Lohr.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

While it is not unusual for our Court to confront a case of chickens coming home to roost, here it is pigeons returning to the nest instead that has caused the difficulty. The facts are as follows:

■ According to Appellant's Amended Complaint, Appellees, John A. and R. Carole Zentek, submitted an application for a building permit to the City of Monongahela and its City Engineer. The application sought permission to build a "lawn building—storage accessory use to a residence." The application was approved and a building permit issued in May, 1980. There is no controversy over the propriety of these actions. However, contrary to the permitted use, the Zenteks constructed a carrier pigeon loft in the rear yard which housed numerous courier pigeons. This was clearly contrary to the permissible uses in the zoning ordinance and this fact is not in issue. They also constructed an additional building which was not within the scope of the original building permit. Moreover, they failed to obtain a second building permit.

Appellant, Frye Construction, Inc., an adjacent landowner, through its president, repeatedly complained to the zoning authorities, to no avail. Appellant then filed a complaint (subsequently amended) in the Court of Common Pleas of Washington County alleging causes of action against the City, its officers, and against the Zenteks. The mandamus claim against the City and its officers (including the City Board of Appeals) was dismissed due to Appellant's failure to exhaust its administrative and statutory remedies

under the Municipalities Planning Code, 53 P.S. § 11001.[1] That dismissal is not currently before us. The claim against the Zenteks which was in equity, however, was also dismissed under the rationale that the requested enforcement relief was the same as in the mandamus claim and that the response, therefore, should also be the same. The Commonwealth Court affirmed in a reported decision, Judge MacPhail dissenting, 113 Pa.Cmwlth. 292, 537 A.2d 73. In affirming, the Commonwealth Court briefly and summarily concluded that the equity claim against the Zenteks was properly dismissed because that Court thought that while couched in the form of a misrepresentation in a zoning application, Appellant was simply employing a device to do indirectly what it could not do directly, that is, it was attempting to use equity to adjudicate a zoning matter. The Commonwealth Court concluded that equity had no right to decide preliminarily or otherwise the validity of a zoning permit. This was clear error since the validity of the zoning permit was never in issue. The permit was properly issued for a proper purpose. The Zenteks ignored the permit and went on a binge of their own and built a structure not covered by the permit or authorized by the zoning ordinance. We granted allocatur (solely on the issue of whether the equity claim was properly dismissed) because the Commonwealth Court's decision on this point appears contrary to our previous decisions, and because their reported opinion might confuse future litigants as to the proper procedure to pursue in order for neighbors to vindicate a blatant zoning violation. For the reasons set forth below, we reverse.

In *In re Leopardi*, 516 Pa. 115, 532 A.2d 311 (1987), neighbors objected to an (originally unopposed) variance issued by a Zoning Hearing Board allowing homeowners to

[1]. 53 P.S. § 11001 provides:
Zoning Appeals
   The proceedings set forth in this article shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act. 1972, June 1, P.L. ___, No. 93, § 1001, effective in 60 days.

construct an addition to their residence. The neighbors appealed to the trial court which remanded the matter to the Zoning Board. The Board affirmed, but the trial court reversed the Zoning Board and essentially ordered the addition modified or removed. The Commonwealth Court affirmed. We reversed on the grounds that under the Municipalities Planning Code neither the Board nor the trial court, in its appellate capacity, had power to order the removal or destruction of an offending structure. We said:

> With respect to enforcement, the [Municipal Planning] Code provides:

> In case any building, structure, or land is, or is proposed to be erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance enacted under this act or prior enabling laws, the governing body or, with the approval of the governing body, an officer of the municipality, in addition, to other remedies, *may institute in the name of the municipality any appropriate action or proceeding to prevent, restrain, correct or abate such building, structure or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation.*

> 53 P.S. § 10617 (emphasis added).

> The clear mandate of the legislature is that the power to enforce the local zoning ordinance lies in the board of supervisors, or an agent delegated that power by that body. The means of enforcement under the Code are: the assessment of fines, 53 P.S. § 10616, *Plains Township v. Krasner,* 7 Pa.Cmwlth. 56, 298 A.2d 627 (1972); the seeking of equitable relief to restrain violations, 53 P.S. § 10617, *Board of Supervisors of West Brandywine Township v. Matlack,* 38 Pa.Cmwlth. 366, 394 A.2d 639 (1978); and actions for the removal of offending structures. *Funk v. Bensalem Township,* 17 Pa.Cmwlth. 205, 342 A.2d 785 (1975). It is significant that only the municipality or a delegated agent is empowered to initiate enforcement actions, and the actions contemplated by the Code are separate and distinct from the functions delegat-

ed to zoning hearing boards. In the instance of a variance granted by the zoning hearing board which does not conform to the zoning ordinance the sole remedy under the provisions of the Code is an appeal first to the board then to the court to "secure review or correction" of the decision. 53 P.S. § 11007; *Cibula v. Bradford Township*, 25 Pa.Cmwlth. 333, 360 A.2d 812 (1976).

*As in the case of the municipal governing body, an enforcement action brought by an aggrieved individual must be brought separately or in addition to the procedures available under the Code's provisions. Such an action includes, in appropriate circumstances, an action in equity. Lynch et al. v. Gates, 433 Pa. 531, 252 A.2d 633 (1969); Kunkel [Kunkle] v. Zaleski, 417 Pa. 631, 208 A.2d 840 (1965); Burne v. Kearney, 424 Pa. 29, 225 A.2d 892 (1967).*

In summary, there is no provision in the enabling statute nor is any such necessarily implied, as would authorize a zoning hearing board to issue an order in the nature of that at issue in this case. Since a zoning hearing board does not have the delegated jurisdiction to grant injunctions or impose penalties any such order would be an ultra vires act. *See Philadelphia v. Stradford Arms, Inc.*, 1 Pa.Cmwlth. 190, 274 A.2d 277 (1971).

516 Pa. at 120–121, 532 A.2d 311 (emphasis added).

Appellant could not, in the instant case, achieve the desired *enforcement* remedy, i.e., the removal of the offending structures, before the City Zoning Board or other authorities. At best, it could *mandamus* city officials to take *enforcement* action. Nevertheless, Appellant, as an aggrieved neighbor, had an independent right to seek relief from a zoning violation next door and that right could be asserted in an equity action.

The reason that this Court has consistently taken the position that an aggrieved neighbor has an independent right to seek relief from a zoning violation next door is not hard to fathom. Even though the primary duty of enforcing zoning regulations rests upon the zoning authorities,

the right to enforce them by injunction, where their violation has resulted or will result in deprivation of the enjoyment of one's own property, first exists in the one injured. It is not dependent upon the injured party having requested the appropriate public authorities to enforce the ordinance against its violator and their refusal or failure to perform this duty with all the delays that that would entail. If one suffers an injury special and peculiar to one's property, or a direct disturbance in the quiet enjoyment thereof, that person is entitled to maintain an injunction action against the continuance of the encroachment without application to the relevant authorities. Where deliberate violations of a zoning ordinance have the effect of wrongfully infringing on the property rights of a neighbor, that neighbor is entitled to prompt vindication in a court of equity without regard to alternate administrative remedies that might be available. We have always so held and we continue to do so. To the extent that *Burne v. Kearney,* 424 Pa. 29, 225 A.2d 892 (1967) restricts or limits the application of this principle, that case is hereby expressly overruled.

The Commonwealth Court was of the opinion that Appellant was obligated to exhaust its administrative remedies in this case. We do not agree. Exhaustion is not an absolute doctrine. *Feingold v. Bell of Pa.,* 477 Pa. 1, 383 A.2d 791 (1977). Whether a court ought to apply the exhaustion doctrine in a given set of circumstances is itself a matter of the exercise of judgment and sound discretion. *Feingold v. Bell of Pa., supra.* The availability of an administrative remedy does not deprive a court of the power to entertain claims challenging the agency's failure to afford the required remedy; and the availability of the administrative remedy bears only on the appropriateness of granting the relief requested. *Commonwealth, Dept. of Public Welfare v. Eisenberg,* 499 Pa. 530, 454 A.2d 513 (1982). See also, *Elkin v. Bell Telephone Co. of Pa.,* 491 Pa. 123, 420 A.2d 371 (1980). As explained above, there has never been any doubt historically, that administrative jurisdiction here is *not* exclusive, and that neighbors have al-

ways been able to resort to an action in equity to enforce a zoning ordinance. These cases typically do not involve resort to any special administrative expertise on the part of the zoning or municipal authorities. On the contrary, courts are as well equipped to apply a written ordinance to a given set of facts as is any municipal authority. In short, there is no reason to apply the exhaustion doctrine here. It was error to dismiss Appellant's equity action. Moreover, since the two actions are consistent with each other, no election of remedies would be required. *Cunningham v. Jos. Horne Co.*, 406 Pa. 1, 176 A.2d 648 (1961).

Accordingly, the order of the Commonwealth Court is reversed and the matter remanded to the Court of Common Pleas of Washington County for reinstatement of Appellant's equity action, and other proceedings not inconsistent with this opinion.

NIX, C.J., files a concurring opinion.

ZAPPALA, J., files a dissenting opinion in which CAPPY, J., joins.

NIX, Chief Justice, concurring.

While I concur in the result of reinstating appellant's equity action, I do not view the case as a zoning matter. Any citizen has a right to seek equitable relief from a continuing infringement upon his or her enjoyment of that person's property rights. The fact that the conduct complained of here violated certain zoning laws is not the gravamen of the case. Rather, the gravamen of the complaint is a violation of the complainant's own property rights and complainant's right to an equitable remedy. Clearly appellant was so entitled.

ZAPPALA, Justice, dissenting.

Fully aware that there are circumstances where an individual may invoke equity to abate a nuisance, I believe the majority greatly overstates the historical availability of an

action in equity to challenge a use of property alleged to be in violation of a zoning ordinance.

In *Burne v. Kearney*, 424 Pa. 29, 31–32, 225 A.2d 892, 893–94 (1967), we noted "the general rule that zoning ordinances provide adequate procedural remedies for testing their validity and application and that equity will not lie in such field." We recognized, however, that courts had "permitted equity to lie *in certain restricted and limited situations* and, to that extent, have engrafted an exception on the general rule." *Id.* (Emphasis added.) The majority, however, turns this general rule on its head, stating that

> [w]here deliberate violations of a zoning ordinance have the effect of wrongfully infringing on the property rights of a neighbor, that neighbor is entitled to prompt vindication in a court of equity without regard to alternate administrative remedies that might be available.

at 948. Despite the absence of supporting citations for this "principle" (which is not surprising since the "principle" is manufactured out of whole cloth), the majority brazenly states that "[w]e have always so held and we continue to do so." *Id.* *Burne v. Kearney* is expediently overruled, although even the casual observer will wonder why this would be necessary if "we have always held" the principle announced by the majority today.

*Burne v. Kearney* is instructive on the limits of the reach of equity: "as a prerequisite to the attachment of equity jurisdiction, the adjoining or neighboring property owner must aver—and later prove—that the alleged violation of the zoning ordinance has resulted in an injury not common to all the neighboring property owners but 'special and peculiar' to his property." *Id.*, 424 Pa. at 32, 225 A.2d at 894. Further, "diminution in value of a property per se, does not equate the requisite 'special and peculiar' injury to property." *Id.*, 424 Pa. at 33 n. 4, 225 A.2d at 894 n. 4. Nothing in our *Leopardi* decision, quoted so extensively by the majority, necessitates or even suggests a change in this longstanding rule. Indeed, our *Leopardi* opinion contained the qualification that enforcement by an aggrieved individu-

al includes "in appropriate circumstances" an action in equity, citing, among others, *Burne v. Kearney.*

In this case, the complaint alleged only that "the Plaintiff has sustained irreparable damage in that the value of the Frye Property has been materially diminished and in that the Plaintiff has been prevented from successfully marketing said property...." Complaint, ¶ 48. I find this insufficient as a matter of law to invoke the court's equity jurisdiction sought to enforce the zoning ordinance. I would affirm the order of Commonwealth Court.

CAPPY, J., joins in this dissenting opinion.