506 A.2d 487

Hellertown Manufacturing Company, Petitioner *v.* James I. Scheiner, Secretary, Pennsylvania Department of Revenue, Respondent.

Argued February 3, 1986, before Judges ROGERS and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Michael A. Henry,* with him, *Donald LaBarre, Jr.,* for petitioner.

*George T. Bell,* Chief Counsel, with him, *Allen S. Mengel,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, March 26, 1986:

Hellertown Manufacturing Company (taxpayer) has filed a petition for review in the nature of an action in mandamus seeking an order directing the Pennsylvania Department of Revenue (department) to refund to the taxpayer $254,732.03 in taxes paid by it, plus settled credits on interest overpayments and plus interest. The taxes in question are the taxpayer's 1972 franchise tax and its corporate net income taxes for the years 1973 and 1975 through 1979. The department filed an answer and new matter. Both the taxpayer and the department have filed motions for judgment on the pleadings.

This litigation concerns a former practice of the Pennsylvania Board of Finance and Revenue (board) known as the "throw-out" rule. The board invoked the "throw-out" rule of the department to revise upwards the taxpayer's statutory sales apportionment fractions used in calculating its corporate income tax liability by "throwing-out" of the denominators sales not subject to payment of income taxes in other states. The taxpayer contested the use of this so-called "throw-out" rule with respect to its 1971 corporate net income tax, a tax which is not involved in the litigation at hand. This court upheld the use of the rule with respect to the sales apportionment figures used in determining its 1971 tax liability in *Hellertown Manufacturing Company v. Commonwealth of Pennsylvania,* 25 Pa. Commonwealth Ct. 90, 358 A.2d 424 (1976). The Pennsylvania Supreme Court affirmed this court's order in a decision made July 14, 1978. *Hellertown Manufacturing Compa-*

*ny v. Commonwealth of Pennsylvania,* 480 Pa. 358, 390 A.2d 732 (1978).

The taxes which are the subject of the present litigation were contested by the taxpayer on the same ground as its 1971 taxes were contested in the Hellertown case. The taxpayer again claimed that its taxes were improperly computed by the department because of the department's misapplication of the throw-out rule. At the same time the present matters were before the board, there was pending before this court the appeal of Paris Manufacturing Company, Inc., challenging the application and validity of the throw-out rule on similar grounds as *Hellertown.* In an order dated March 5, 1982, this court affirmed the order of the board in the Paris matter, which had the effect of validating the board's application of the throw-out rule. *Paris Manufacturing Company, Inc. v. Commonwealth,* 65 Pa. Commonwealth Ct. 164, 441 A.2d 1368 (1982).

After this court's decision in *Paris,* the board resettled the taxpayer's franchise and corporate net income taxes described at the head of this opinion and invoked the "throw-out" rule in the process. The taxpayer appealed to this court. On June 13 and 17, 1983, the taxpayer and the Commonwealth entered into stipulations for judgment concerning the contested taxes and judgments were entered thereon by this court in favor of the Commonwealth and against the taxpayer. These judgments are to be found on our judgment dockets at 2234-, 2235-, 2236-, 2237-, 2238-, 2239-, and 2241 C.D. 1982. The judgments docketed at 2234-, 2236-, 2238-, and 2241 C.D. 1982 have been marked "satisfied in full."

On April 2, 1984, following entry of the judgments just described, the Pennsylvania Supreme Court reversed this court's order in *Paris,* thereby invalidating the throw-out rule. The Supreme Court expressly overruled its prior 1978 decision in *Hellertown. Paris*

*Manufacturing Company, Inc. v. Commonwealth,* 505 Pa. 15, 476 A.2d 890 (1984). The taxpayer thereupon filed petitions for refund of the taxes which had been the subject of its stipulations and the judgments based thereon. On February 26, 1985, the board granted the taxpayer's refund petitions. The taxpayer then applied to the department for a cash refund of the credits resulting from the board's orders. On June 27, 1985, the board rescinded its February 26, 1985 refund orders, stating "[t]hat in light of the Stipulation[s] for Judgment[s] ... the previous order[s] of the Board ... [are] ... rescinded for lack of jurisdiction...."

The taxpayer's complaint in mandamus seeks an order of this court which would direct the department to issue refunds of the same taxes which were the subject of the stipulations between the taxpayer and the Commonwealth for, and entry of, judgments in favor of the Commonwealth and against the taxpayer, some of which judgments have been marked satisfied on the records.

Mandamus is an extraordinary writ which will issue to compel performance by an agent of the government of a ministerial act, an act without discretion, or a mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy. *Shaler Area School District v. Salakas,* 494 Pa. 630, 432 A.2d 165 (1981).

The taxpayer tells us by its brief that it has filed petitions for review in this court of the board's orders rescinding the orders of refund. Clearly, the viability of the rescission orders is dependent upon the propriety of the refund orders, which the board declared to have been without their jurisdiction to promulgate. *See Borg-Warner Corporation v. Board of Finance and Review,* 424 Pa. 343, 227 A.2d 153 (1967). The taxpayer therefore invokes the summary judicial power of mandamus

effectively to overturn the board's orders rescinding the refund orders at the same time it pursues its administrative remedy of judicial review of the orders of rescission. Mandamus does not lie in the presence of an adequate remedy at law. When a party is dissatisfied with an order of an administrative agency, its recourse is an appeal from that decision, and not by bringing an action in mandamus. *See Valley Forge Racing Association, Inc. v. State Horse Racing Commission,* 449 Pa. 292, 297 A.2d 823 (1972).

We therefore dismiss the taxpayer's petition for review because of the presence of an administrative remedy, which the taxpayer is pursuing, of appeal from the board's orders of rescission.[1] We consequently overrule the parties' motions for judgment on the pleadings.

### ORDER

AND NOW, this 26th day of March, 1986, the taxpayer's complaint in the above-captioned matter is dismissed because of the presence of an administrative remedy, which the taxpayer is pursuing, of appeal from the board's orders of rescission. The parties' motions for judgment on the pleadings are overruled.

---

[1] Although the department has not filed a preliminary objection in the nature of a demurrer, we believe that the taxpayer, having volunteered the information that the refund orders were rescinded, has not pleaded a clear legal right to the relief of an order upon the department to pay the refunds.