**Donald E. HANSON, Appellant,**

v.

**LOWER FREDERICK TOWNSHIP BOARD OF SUPERVISORS and William J. Coleman, Lower Frederick Building Inspector and Zoning Enforcement Officer.**

Commonwealth Court of Pennsylvania.

Argued Oct. 17, 1995.

Decided Dec. 4, 1995.

Arthur J. King, for appellant.

Gary P. Lewis, for appellee.

Before McGINLEY and FRIEDMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

The appellant in this case, Donald Hanson, filed a complaint in mandamus in the Montgomery County Court of Common Pleas. Hanson sought an order requiring the Lower Frederick Township (Township) Supervisor to enforce the Township zoning ordinance against an adjoining property owner, Perkiomen Enterprises, Inc. (Perkiomen). In his fifty-fourth paragraph complaint, with numerous exhibits attached, Hanson alleged eight specific instances where Perkiomen's commercial activities and structures violated the Township zoning ordinance, which he alleged the Township refused to enforce, in violation of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11201.

The Township filed preliminary objections to the mandamus action, asserting that the trial court had no jurisdiction over a mandamus action. The trial court agreed and Hanson has filed this appeal.

Hanson directs us to Section 910.1 of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.1, which provides:

> Nothing contained in this article shall be construed to deny the appellant the right to proceed directly to court where appropriate, pursuant to the Pennsylvania Rules of Civil Procedure No. 1091 (relating to action in mandamus).

The Township, on the other hand, directs us to Section 909.1 of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.1, which states in part that "[t]he zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in ... [a]ppeals from the determination of the zoning officer ..." The Township argues that, since Hanson did not appeal from certain permits that the zoning officer allowed, or certain decisions not to enforce, Hanson failed to follow the correct procedures.

We cannot entirely accept the Township's argument. Exclusive jurisdiction of the zoning board may exist, but the action for mandamus, if proper, is specifically excluded from that jurisdiction by Section 910.1 of the MPC, and this Court has so held in *Stoner v. Township of Lower Merion*, 138 Pa.Cmwlth. 257, 587 A.2d 879 (1991).

However, we nevertheless affirm the decision of the trial court because the MPC specifically provides the procedure by which an adjoining landowner can seek relief from a violation of the zoning laws by his neighbor. Section 617 of the MPC, 53 P.S. § 10617, provides as follows:

> In case any building, structure, landscaping or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance enacted under this act or prior enabling laws, the governing body, an officer of the municipality, or *any aggrieved owner* or tenant of real property *who shows that his property or person will be substantially affected* by the alleged violation, in addition to other remedies, may institute an appropriate action or proceeding to prevent, restrain, correct or abate such building, structure, landscaping or land, or to prevent, in or about such

premises, any act, conduct, business or use constituting a violation. When any such action is instituted by a landowner or tenant, notice of that action shall be served upon the municipality at least 30 days prior to the time the action is begun by serving a copy of the complaint on the governing body of the municipality. No such action may be maintained until such notice has been given.[1] (emphasis added).

This section provides for a more direct and orderly procedure than an action in mandamus, which would at most order the Township to enforce ordinances and probably precipitate more litigation directly involving Perkiomen.

Indeed, Hanson's own brief points out the desirability of a procedure other than mandamus. Hanson quotes *Frye Construction, Inc. v. City of Monongahela*, 526 Pa. 170, 175, 584 A.2d 946, 948 (1991):

> Appellant could not, in the instant case, achieve the desired *enforcement* remedy, i.e., the removal of the offending structures, before the City Zoning Board or other authorities. At best, it could *mandamus* city officials to take *enforcement* action.

Since section 617 provides Hanson with a remedy, mandamus under such circumstances is not appropriate. *Hellertown Manufacturing Company v. Scheiner*, 96 Pa. Cmwlth. 156, 506 A.2d 487 (1986) (mandamus will issue to compel performance of a mandatory act, where the right to relief is clear and no other adequate and appropriate remedy exists).

The Court was advised at the oral argument that Hanson has already filed a civil action against Perkiomen. Hence, we requested the docket entries, which show that both this action and the civil action were filed on the same date, April 19, 1993, and ordered consolidated on May 7, 1993. We also note that on June 16, 1995, preliminary objections to the civil action were filed. We therefore make it clear that our ruling in this appeal is only affirmance of the dismissal of the mandamus action.

Accordingly, the trial court's order is affirmed.

## ORDER

AND NOW, this 4th day of December, 1995, the order of the Court of Common Pleas of Montgomery County, at No. 93-07665, dated December 12, 1994, is hereby affirmed.

FRIEDMAN, Judge, concurring.

I concur in the result reached by the Majority; however, I write separately because my analysis is based on somewhat different considerations.

The Majority concedes that section 909.1 of the Pennsylvania Municipalities Planning Code (MPC)[1] does not necessarily preclude an action in mandamus *where such an action is proper.*[2] The Majority then determines that mandamus is not proper in this case because section 617 of the MPC "provides for a more direct and orderly procedure than an action in mandamus."[3] (Majority op. at 1223.)

---

**1.** It is interesting to note that, prior to 1988, when section 617 was amended to give the right to institute an action to an "aggrieved owner" and to provide for notification to the municipality, the MPC contained section 1007, which read:

> Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized or is contrary to the provisions of an ordinance or map shall first submit their objections to the zoning hearing board....

This section was repealed when section 617 was amended.

**1.** Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10909.1.

**2.** *See* section 910.1 of the MPC, 53 P.S. § 10910.1 (emphasis added), which provides:

> *Nothing* contained in this article shall be construed to deny the appellant the right to proceed directly to court *where appropriate,* pursuant to the Pennsylvania Rules of Civil Procedure No. 1091 (relating to action in mandamus).

**3.** Section 617 of the MPC, 53 P.S. § 10617 (emphasis added), provides in pertinent part:

> [A]ny aggrieved owner ... who shows that his property or person will be substantially affect-

Mandamus is an extraordinary writ designed to compel official performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant *and want of any other adequate remedy at law. County of Allegheny v. Commonwealth,* 518 Pa. 556, 544 A.2d 1305 (1988). Therefore, in my analysis, I would first determine whether Hanson has met the test for mandamus. Where mandamus is inappropriate, I believe that the Majority's comparison is unnecessary.

In this case, it is not clear to me that, on appeal from the grant of the permits to the Zoning Hearing Board, a proper review could not have provided Hanson with the result he was seeking. Because mandamus will only lie when there is proof of **no adequate remedy at law,** and Hanson cannot meet that burden of proof, I would conclude that mandamus cannot lie here. Based on this analysis, I concur.

ed by the alleged violation [of any ordinance under this Act], *in addition to other remedies,* may *institute* an appropriate action or proceeding....

The Majority states:

[W]e ... affirm the decision of the trial court because [section 617 of] the MPC specifically provides the procedure by which an adjoining landowner can seek relief from a violation of the zoning laws by his neighbor.

(Majority op. at 1222.) However, section 617 of the MPC explicitly provides for the pursuit of "other remedies."