IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ralph E. Grabowsky,                     :
                        Appellant       :
                                        :
             v.                         :    No.  99 C.D. 2020
                                        :    Argued:  October 13, 2020
Borough of Whitehall, a                 :
Pennsylvania Municipal Corporation      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                        FILED:  November 10, 2020


            Ralph E. Grabowsky (Owner) appeals from the order of the Allegheny County Court of Common Pleas (Trial Court) sustaining the preliminary objections of the Borough of Whitehall (Borough) and dismissing his mandamus complaint. Owner seeks an order directing the Borough to enforce its Stormwater Management Ordinance (SWMO) and Property Maintenance Code (PMC)[1] (collectively, Ordinances) based on alleged excessive stormwater discharge to his property from adjacent properties.  The Trial Court concluded Owner had an adequate remedy at law against the owners of the adjacent properties (Neighbors).  Owner asserts he lacks an adequate legal remedy because he is unable to determine the cause of the excessive stormwater. He also contends the Borough has a general mandate to enforce any ordinances it enacts. The Borough counters that enforcement is within its discretion, such that any amendment of the mandamus complaint would be futile.  Upon review, we affirm.

_____
[1] *See* Borough of Whitehall, Pa., Ordinance §75.1 (2018) (adopting International Property Maintenance Code, 2015 edition).

## I. Background

Owner resides in the Borough in a single-family dwelling located at 5103 Cherryvale Drive, Pittsburgh, Pennsylvania 15236 (Property). The Property shares borders with four properties owned by different owners (collectively, Neighboring Properties).[2] Reproduced Record (R.R.) at 6a (Compl. ¶¶5-11). Owner alleges that, by improving their properties over the years, Neighbors have caused excessive stormwater discharge or diversion of water onto Owner's Property, so it became "swamp-like and virtually unusable." R.R. at 8a (Compl. ¶18).

In July 2019, Owner filed a complaint in the nature of mandamus against the Borough alleging non-enforcement of the Ordinances despite his repeated complaints about excessive stormwater discharge on his Property, which he attributes to Neighboring Properties in violation of the SWMO and PMC (Complaint). *See* R.R. at 3a-25a. Specifically, he averred the Borough failed to cite Neighbors "for violation [of the Ordinances] and direc[t] them to abate the violations." Compl. ¶21. He claimed he needed to expend $30,000 to mitigate the damage to his Property. *Id.* ¶24. Owner appended a copy of an engineer's report to his Complaint suggesting the discharge/diversion of water from Neighboring Properties may contribute to damage on his own (Engineer Report).

The Borough filed preliminary objections in the nature of a demurrer and insufficient specificity, among others.[3] As to the SWMO, the Borough asserted Owner lacks standing to challenge its enforcement because it applies to stormwater

---

[2] On the westerly side of the Property is 5147 Caste Drive, owned by the Dopler Family Trust for Real Estate. *See* Compl. ¶5. Also on the westerly border is a residence at 5155 Caste Drive, owned by Stacy L. Nguyen. *Id*. ¶7. Adjacent to the north of the Property is a residence at 5106 Morningrise Drive, owned by Khatiwada Tricholan and Giri Ambika. *Id*. ¶11. To the northwest is 5159 Caste Drive, owned by James M. and Jean E. Hence. *Id*. ¶9.

[3] The Borough also raised laches, failure to join necessary parties (Neighbors) and standing.

management plans submitted for land use and development, and thus confers standing on those engaged in land use activities, *i.e.*, applicants, not third parties. Also, it noted that Owner cited no specific section of the 47-page SWMO that should be enforced. The Borough emphasized there is no clear right to enforcement of the Ordinances, and its decision to enforce its ordinances is discretionary. It appended a copy of the SWMO to its preliminary objections, noting its "permissive language" as follows: "If a violation causes no immediate danger to life, public health or property, *at its sole discretion,* the BOROUGH may provide a limited time period for the owner to correct the violation." R.R. at 36a (Prelim. Obj. ¶46 (italics in original)). As to the PMC, which it claimed is "inapplicable," *id.* at 42a (Prelim. Obj. ¶¶76, 80), the Borough asserted Owner did not allege a threat to public health, safety or welfare. It also contended issuing a mandamus would be futile because the Borough cannot enforce the Ordinances against predecessors in title, and, according to the Engineer Report, the problem has been ongoing for 20 years during which ownership of Neighboring Properties may have changed.

Following briefing and argument on the preliminary objections, the Trial Court sustained the Borough's demurrer and dismissed the Complaint, with prejudice, by order dated December 11, 2019. Owner appealed the order to this Court.

Subsequently, the Trial Court filed an opinion under Pa.R.A.P. 1925(a) explaining the reasons for its decision. Predominantly, the Trial Court relied on the criteria for mandamus relief set forth in Pa.R.C.P. No. 1095, and, in particular, the availability of an alternate legal remedy.[4] *See* Pa.R.C.P. No. 1095(6). The Trial Court

---

[4] Rule 1095 requires a mandamus complaint to allege the following:

(1) The name and description of the plaintiff and defendant;

(2) The facts upon which plaintiff relies for the relief sought;

**(Footnote continued on next page…)**

3

emphasized that Owner acknowledged the existence of an alternate remedy in the Complaint (¶¶17, 24), in that he has a claim in continuing trespass against Neighbors. *See* Tr. Ct., Slip Op., 2/14/20, at 4 (unpaginated).

Following briefing and argument, the matter is ready for disposition.

## II. Discussion

On appeal,[5] Owner argues the Trial Court erred in: (1) sustaining the demurrer when he lacks an adequate remedy at law; (2) concluding he failed to state a cognizable claim; (3) concluding he failed to allege sufficient facts for mandamus relief; and (4) dismissing the Complaint without granting leave to amend. Essentially, Owner seeks to compel the Borough to investigate his complaints about stormwater discharge and/or diversion from Neighboring Properties, and, if it discerns a violation from its inspection, to enforce the Ordinances against Neighbors.

### A. Legal Standards

#### 1. Mandamus

Mandamus is an extraordinary remedy that compels official performance of a ministerial act or a mandatory duty. *See Pa. Dental Ass'n v. Ins. Dep't*, 516 A.2d 647 (Pa. 1986). However, mandamus only "lies to compel the performance of

---

(3) The act or duty the defendant is required to perform and the refusal to perform it;

(4) The interest of the plaintiff in the result;

(5) The damages, if any;

(6) The want of any other adequate remedy at law;

(7) A prayer for the entry of judgment against the defendant commanding that [it] perform the act or duty required to be performed and for damages, if any, and costs.

Pa.R.C.P. No. 1095.

[5] "Our scope of review of a trial court order granting preliminary objections is limited to determining whether the trial court committed legal error or abused its discretion." *Bell v. Township of Spring Brook*, 30 A.3d 554, 557 n.7 (Pa. Cmwlth. 2011) (*Bell I*).

a ministerial act or mandatory duty where there is a [c]lear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy." *Unger v. Hampton Twp.*, 263 A.2d 385, 387 (Pa. 1970). "Thus, mandamus is not an over-the-counter remedy available on demand; rather it is dispensed sparingly and as a last resort . . . ." *Victoria Gardens Condo. Ass'n v. Kennett Twp. of Chester Cty.*, 23 A.3d 1098, 1109 (Pa. Cmwlth. 2011) (quoting *Medico v. Makowski*, 793 A.2d 167, 169 (Pa. Cmwlth. 2002) (*en banc*)).

## 2. Preliminary Objections

It is well established that "preliminary objections in the nature of a demurrer admi[t] all well-pleaded, material and relevant facts in the complaint." *Unger*, 263 A.2d at 387. A demurrer also admits as true every inference fairly deducible from those facts. *Palmer v. Bartosh*, 959 A.2d 508 (Pa. Cmwlth. 2008). "The court is not required to accept as true legal conclusions, unwarranted factual inferences, argumentative allegations, or expressions of opinion." *Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 379 (Pa. Cmwlth. 2017) (citing *Armstrong Cty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013) (*en banc*)).

Since sustaining a demurrer results in a denial of the petitioner's claim or a dismissal of his suit, a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim upon which relief may be granted. *Palmer*. Only where the pleading is "facially devoid of merit" should the demurrer be sustained. *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 406 (Pa. Cmwlth. 1990) (*en banc*) (citation omitted). If the facts as pleaded state a claim for which relief may be granted under *any* theory of law, there is sufficient doubt to require rejection of the demurrer. *Palmer*. It must be clear the law will not permit recovery,

and any doubt must be resolved in favor of the non-moving party. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421 (Pa. Cmwlth. 2018).

### B. Analysis

Owner asserts he has a clear right to the enforcement of the SWMO and the PMC, and the Borough has a corresponding nondiscretionary duty to enforce lawfully enacted ordinances and code provisions when there are alleged violations by other property owners. He argues Neighbors' alleged violations of the Ordinances entitle him to relief in the form of the Borough's enforcement against Neighbors, notwithstanding the existence of a remedy against Neighbors directly. First, we examine whether the Complaint sets forth a cognizable mandamus claim.

### 1. Clear Right

Owner's mandamus claim depends upon his alleged clear right to enforcement of the Ordinances by the Borough. The claim compels Borough action, meaning Owner has a right to require the Borough to take some action on his behalf. However, as pled, the Complaint cites no language in either the SWMO or the PMC that mandates action by the Borough to enforce their respective terms. Further, the Borough cited permissive language in the Ordinances. *See* R.R. at 36a.

This is not a case in which Owner is entitled to some action by the Borough based on his performance of some predicate actions, unlike issuance of a permit. *Cf. J.B. Steven, Inc. v. Bd. of Comm'rs of Wilkens Twp.*, 643 A.2d 142, 145 (Pa. Cmwlth. 1994) (mandamus is "available as a remedy where entitlement to issuance of a land use approval is clear") (citation omitted). Rather, Owner's alleged entitlement to action depends upon the existence of a right to enforcement that is not articulated in the Complaint or in his brief to this Court. In fact, Owner's right to

enforcement presupposes a violation of the Ordinances when the Complaint does not cite a provision of either the SWMO or the PMC that is violated.[6]

Because Owner does not identify a clear right subject to enforcement under the Ordinances, he lacks a critical prerequisite for mandamus relief. Nonetheless, in the interest of completeness, we address the remaining requirements.

### 2. Mandatory or Ministerial Duty

Next, we consider whether the Complaint alleges facts that, if proven, establish the Borough has a mandatory or ministerial duty. A mandatory duty is a duty imposed by law, as by statute or binding norms, requiring an entity to act. *See, e.g.*, *Raleigh v. Pa. Human Relations Comm'n*, 660 A.2d 177 (Pa. Cmwlth. 1995) (explaining mandatory duty is one imposed by statute or agency's own regulations). This Court defines a "ministerial act" as: "one which a public officer is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority and <u>without regard to his own judgment or opinion</u> concerning the propriety or impropriety of the act to be performed." *South End Enters., Inc. v. City of York*, 913 A.2d 354, 359 (Pa. Cmwlth. 2006) (emphasis added) (quoting *Council of City of Phila. v. Street*, 856 A.2d 893, 896 (Pa. Cmwlth. 2004) (*en banc*)). Indeed, "[w]here the governmental action sought involves the exercise of discretion, <u>the court</u> may direct the agency to do the act but <u>may never direct the exercise of discretion in a particular way</u>." *Id.* at 359-60 (emphasis added) (citations omitted).

The Complaint alleges the Borough has a general duty of enforcement of its lawful ordinances on behalf of its residents. *See* R.R. at 8a-9a (Compl. ¶¶20-23). However, this is a legal conclusion, not a factual allegation that we must accept as true. The Borough's enforcement of its police powers is a discretionary duty such

---

[6] During argument, when asked for the source of the violation, Owner's counsel cited none.

that mandamus is not an appropriate remedy. *See Frye Constr. Inc. v. City of Monongahela*, 584 A.2d 946 (Pa. 1991); *Sinkiewicz v. Susquehanna Cty. Bd. of Comm'rs*, 131 A.3d 541, 548 (Pa. Cmwlth. 2015) (holding where ordinance language was permissive, enforcement was purely discretionary; "when an agency considers whether or not to take an enforcement action, it exercises prosecutorial discretion that is beyond judicial review"); *see also Seeton v. Adams*, 50 A.3d 268, 269 (Pa. Cmwlth. 2012) (*en banc*) (prosecution is purely discretionary; holding mandamus would not lie to compel district attorney's prosecution of humane officer's citations for pigeon shoot). Even presuming the Borough has a mandatory duty to enforce the Ordinances, the means of enforcement is within its discretion. *Street*.

Ultimately, Owner's desired remedy is issuance of citations to Neighbors for alleged violations of the SWMO and PMC. *See* R.R. at 9a (Compl. ¶21). As such, the Complaint seeks an order compelling a discretionary act, *i.e.*, enforcement, in a particular manner, *i.e.,* issuance of citations to Neighbors to abate the alleged unlawful stormwater discharge. To the extent Owner seeks reduction and redirection of stormwater from Neighboring Properties so it does not flow onto his own, that implicates an exercise of discretion in a specific manner. Owner has no right to dictate the method of enforcement. *South End Enters.* Accordingly, the Trial Court did not err in concluding Owner does not set forth a cognizable mandamus claim.

### 3. Adequate Alternate Remedy

The third criterion for mandamus relief is availability of another adequate remedy. Thus, we consider whether the Trial Court erred in concluding the Complaint did not allege the inadequacy of an alternate remedy at law.

8

An alternative adequate remedy at law precludes the grant of relief in mandamus. *Victoria Gardens Condo. Ass'n*; *see, e.g.*, *Pa. Tavern Ass'n v. Pa. Liquor Control Bd.*, 372 A.2d 1187 (Pa. 1977) (*per curiam*) (reasoning adequate remedy was available for license holder to petition the trial court to enforce its own order). An adequate remedy is effectual when it provides the desired relief from the wrong alleged.

To be adequate, the remedy need not be successful. *Victoria Gardens Condo. Ass'n.* As our Supreme Court recognized: "In deciding whether a remedy is adequate, it is the remedy itself, and not its possible lack of success that is the determining factor. 'The fact, if it be so, that this remedy may not be successful in realizing the fruits of a recovery at law . . . is not of itself a ground of equitable interference.'" *Id.* at 1109 (quoting *Willing v. Mazzocone*, 393 A.2d 1155, 1158 (Pa. 1978) (citations omitted)).

Here, the remedy requested, *i.e.*, mandating the Borough enforce the SWMO and the PMC, will not necessarily reduce the stormwater discharge at issue. As a result, it is not clear that granting mandamus relief in the form of general enforcement of the Ordinances will be adequate or effective at relieving Owner from the stormwater problem.

Also, the pleadings do not specify that any of the improvements or construction on Neighboring Properties required submission of a stormwater management plan, or that Neighbors did not comply with such plans. Thus, it is unclear how enforcement of the SWMO provides a remedy.

Similarly, because Owner did not cite any specific violation of the PMC, it is unclear whether or how Neighbors are violating the PMC so as to warrant any enforcement action by the Borough. Moreover, the only way the enforcement

9

will remedy the complained-of problem (excessive stormwater discharge/diversion) is *if* there is a violation, and the Borough exercises its discretion to require reduction and/or redirection of the alleged stormwater discharge from Neighboring Properties onto Owner's Property. The discretionary nature precludes mandamus relief here.

Further, generally, courts may dismiss a mandamus action when there is a statutory remedy available. *See Fassman v. Skrocki*, 390 A.2d 336, 338 (Pa. Cmwlth. 1978) (proper dismissal of mandamus action for failure to exhaust an adequate statutory remedy). As this Court recently confirmed, mandamus is not an appropriate remedy for an adjoining landowner to obtain relief from a neighbor's violation of an ordinance because a statute offers a remedy. *See Bell v. Township of Spring Brook* (Pa. Cmwlth., No. 2253 C.D. 2012, filed July 13, 2013), 2013 WL 3481860 (unreported)[7] (*Bell II*) (analyzing *Hanson v. Lower Frederick Twp. Bd. of Sup'vrs*, 667 A.2d 1221 (Pa. Cmwlth. 1995)). In *Hanson*, when an owner sought mandamus relief in the form of enforcing an ordinance against a neighbor we explained:

> The [Pennsylvania Municipalities Planning Code (MPC)][8] specifically provides the procedure by which an adjoining landowner can seek relief from a violation of the zoning laws by his neighbor. Section 617 of the MPC, 53 P.S. §10617, provides [in pertinent part] as follows:
>
> > In case any building, structure, landscaping or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance enacted under this act or prior enabling laws, the governing body, an officer of the municipality, or *any aggrieved owner* or tenant of real property *who shows that his property or person will be substantially affected* by the alleged violation, in addition to other remedies, may institute an appropriate action or proceeding to prevent,

---

[7] This case is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[8] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202.

restrain, correct or abate such building, structure, landscaping or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation. . . .

*Id.* (italics in original, underline added). In *Bell II*, we reasoned "this section provides for a more direct and orderly procedure than an action in mandamus, which would at most order the [municipality] to enforce [its] ordinances." *Id.*, slip op. at 14, 2013 WL 3481860, at *6. This Court recently expanded the private right of action under Section 617 to include enforcement of land development ordinances, *see Smith v. Ivy Lee Real Estate, LLC*, 165 A.3d 93 (Pa. Cmwlth. 2017), which could include the SWMO here. Per *Smith*, Section 617 provides a statutory remedy for ordinance violations enacted under the MPC.[9] Therefore, to redress violations of the SWMO, the MPC provides a statutory remedy in that Owner may institute a private enforcement action against Neighbors. *See Peden v. Gambone Bros. Dev. Co.*, 798 A.2d 305 (Pa. Cmwlth. 2002); *Hanson*.

Moreover, Owner's mandamus claim is premised on the violation of the Ordinances by Neighbors, necessitating violation notices or other enforcement action to ensure compliance. Importantly, as the Borough pointed out in its demurrer, the Complaint cites no specific violations of the SWMO or the PMC. General allegations refer only to excessive stormwater discharge and diversion onto the Property without indicating how or when the Ordinances were violated.[10]

---

[9] The Borough is a municipality governed by the MPC. *See* 1 Pa. C.S. §1991 (definitions). The SWMO cites as its sources of statutory authority the MPC and the Storm Water Management Act, Act of October 4, 1978, P.L. 864, *as amended*, 32 P.S. §§680.1- 680.17. *See* SWMO §153.4; Reproduced Record (R.R.) at 97a.

[10] To the extent the Engineer Report connects the swamp-like condition of the Property to Neighbors' diversion of stormwater, it refers to development of Neighboring Properties as long ago as 1990. Thus, we are mindful that timeliness may be a factor in the success of any legal claim depending on the theory of recovery.

11

In addition, as the Trial Court noted, the Complaint alleges repeated discharge and diversion of excessive stormwater onto his down-gradient Property, characterizing the discharge as a "continuing trespass." R.R. at 8a (Compl. ¶17). A tort action against Neighbors may also afford an alternate remedy, involving the necessary parties, to reduce or redirect the complained-of stormwater, which may be more appropriate in these circumstances. *See Bell II* (noting unsuccessful tort action can be adequate remedy); *Hanson* (same).

### C. Leave to Amend

Lastly, we consider Owner's contention that the Trial Court erred in not permitting him to amend the Complaint to cure its alleged legal insufficiency. Amendments are liberally allowed to afford full development of a party's theories and averments. *Weaver v. Franklin Cty.*, 918 A.2d 194 (Pa. Cmwlth. 2007); *see* Pa.R.C.P. No. 1033.[11] Our Supreme Court explains the Rule as follows:

> Rule 1033 of the Pennsylvania Rules of Civil Procedure allows a party to amend his or her pleadings with either the consent of the adverse party or leave of the court. Leave to amend lies within the sound discretion of the trial court and the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party.

*Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996) (internal quotes, citations and footnote omitted). "The policy underlying this rule of liberal leave to amend is to insure that parties get to have their cases decided on the substantive case presented, and not on legal formalities." *Chaney v. Meadville Med. Ctr.*, 912 A.2d 300, 303 (Pa. Super. 2006); *see also Weaver.* Moreover, as our sister appellate court held:

---

[11] Rule 1033(a) provides: "A party . . . by leave of court, may at any time . . . amend the pleading." Pa.R.C.P. No. 1033(a).

> Even where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend. There may, of course, be cases where it is clear that amendment is impossible and where to extend leave to amend would be futile. . . . However, the right to amend should not be withheld where there is **some reasonable possibility** that amendment can be accomplished successfully. In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter a final judgment, but must give the pleader an opportunity to file an amended pleading.

*Hill v. Ofalt*, 85 A.3d 540, 557 (Pa. Super. 2014) (quoting *In re Estate of Luongo*, 823 A.2d 942, 946 (Pa. Super. 2003) (emphasis in original)).

Our precedent affords petitioners leave to amend "when there is some reasonable possibility that amendment" will be successful and "the defects in the pleading can be cured." *Arnold v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 86 M.D. 2013, filed Jan. 28, 2014), slip op. at 11, 2014 WL 309633, at *5 (unreported) (citing *Unified Sportsmen of Pa. v. Pa. Game Comm'n*, 903 A.2d 117 (Pa. Cmwlth. 2006)). Where allowing leave to amend would, however, be a futile exercise, the complaint may properly be dismissed without allowance for amendment. *Carlino v. Whitpain Inv'rs*, 453 A.2d 1385 (Pa. 1982).

Except where an amendment is allowed as a matter of course under Pa.R.C.P. No. 1028, or granted as of right under other provisions of the Rules of Civil Procedure, the decision of whether to allow an amendment to a complaint is within the discretion of the trial court. *See Burger v. Borough of Ingram*, 697 A.2d 1037 (Pa. Cmwlth. 1997). "Moreover, we will not reverse the decision of the trial court in the absence of a clear abuse of discretion." *Weaver*, 918 A.2d at 203. We discern no such abuse of discretion here.

13

Ultimately, it is not evident that Owner's defective pleading could be cured by the averment of additional facts. *Cf. Campbell v. Dep't of Labor & Indus., Office of Emp't Sec.*, 471 A.2d 1331 (Pa. Cmwlth. 1984) (amendment may be allowed when brief reveals facts that, if pled, could state a cause of action). Indeed, Owner does not aver the existence of any facts that he would plead in order to satisfy the basic elements of a mandamus claim against the Borough to enforce the Ordinances. He did not identify a mandate in either the PMC or the SWMO requiring their enforcement, or specify a violation under either ordinance to trigger enforcement. Absent a violation, Owner has no clear right to enforcement.

Regardless of whether Owner alleged the provisions in the Ordinances that Neighbors purportedly violated, the method of enforcement is within the Borough's discretion. As such, Owner lacks a mandatory duty for a mandamus claim. Amendment of the pleadings to specify the violations of the PMC or SWMO will not cure the defect in the absence of a mandatory duty of enforcement. That is of particular import where Owner seeks a specific type of enforcement, the citation of Neighbors and requiring they abate the alleged excessive stormwater discharge here.

Fundamentally, mandamus is not an appropriate remedy to obtain the desired result of alteration of stormwater discharge from Neighboring Properties so that it does not impact the Property.[12] Because amendment of the Complaint to state a cognizable claim against the Borough (as opposed to Neighbors) would be futile, the Trial Court did not abuse its discretion in denying Owner leave to amend. *Carlino*.

---

[12] We are also persuaded by the Trial Court's rationale that remedying the allegedly excessive stormwater from Neighboring Properties is more appropriately sought directly from Neighbors in a civil action.

14

### III. Conclusion

For the foregoing reasons, we affirm the Trial Court's order dismissing Owner's Complaint with prejudice.

 

 

_____
J. ANDREW CROMPTON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ralph E. Grabowsky,         :
            Appellant      :
                          :
           v.                :   No. 99 C.D. 2020
                          :
Borough of Whitehall, a          :
Pennsylvania Municipal Corporation    :

## O R D E R

      **AND NOW**, this 10th day of November 2020, the order of the Allegheny County Court of Common Pleas is **AFFIRMED**.

                               _____
                               J. ANDREW CROMPTON, Judge