IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Shuba,       :
             :
      Appellant  :
             :
    v.       : No. 115 C.D. 2021
            : Argued:  May 23, 2024
Borough of Houston    :


BEFORE:  HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE MATTHEW S. WOLF, Judge
      HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK        FILED:  June 13, 2024


    William Shuba (Landowner)[1] appeals the order of the Washington County (County) Court of Common Pleas (trial court) entering judgment in favor of the Borough of Houston (Borough) following a bench trial on his Complaint in Mandamus (Complaint) that sought to compel the Borough, through its enforcement officer, to enforce the provisions of Article IX of the Borough of Houston Zoning Ordinance (1985) (Ordinance),[2] relating to the construction of a commercial building

---

[1] At oral argument in this matter, it was first disclosed to this Court that Landowner is now deceased.  However, we rely upon his counsel's representations at argument that the instant case is not now moot.  *See, e.g.*, *Great Valley School District v. Zoning Hearing Board of East Whiteland Township*, 863 A.2d 74, 79 (Pa .Cmwlth. 2004) ("An attorney's obligation to the court is one that is unique and must be discharged with candor and with great care.  The court and all parties before the court rely upon representations made by counsel.  We believe without qualification that an attorney's word is his bond.") (citation omitted).
 [2] Section 6107 of the Judicial Code states, in pertinent part:
**(Footnote continued on next page…)**

**(a) General rule.--**The ordinances of municipal corporations of this Commonwealth shall be judicially noticed.

**(b) Manner of proving ordinances.--**The tribunal may inform itself of such ordinances in such manner as it may deem proper . . . .

**(c) Construction of ordinances.--**The construction of such ordinances shall be made by the court and not by the jury and shall be reviewable.

42 Pa. C.S. §6107; *see also* Pa.R.E. 201 Cmt. ("In determining the law applicable to a matter, the judge is sometimes said to take judicial notice of law. In Pennsylvania, judicial notice of law has been regulated by decisional law, statute, and rule. *See* . . . [Section 6107 of the Judicial Code,] 42 Pa. C.S. §6107 (judicial notice of municipal ordinances) . . . .").

In relevant part, Section 295-28.A. of the Ordinance states: "A building permit shall be required prior to the erection . . . of any building or . . . prior to the use or change in use of a building or land . . . . It shall be unlawful for any person to commence work for the erection . . . of any building until a building permit has been duly issued therefor." *See also* Section 180-1 of the Ordinance ("Upon completion of the authorized new construction . . . [or] change of use of building on land under the provisions of a building permit, such building shall not be occupied until an occupancy permit has been issued by the Borough Building Inspector.").

In turn, Section 295-31.C. of the Ordinance states, in relevant part:

> In case any building or structure is erected, constructed, . . . or maintained or any building structure . . . is used in violation of this Article IX, or of any ordinance or other regulation made under authority conferred hereby, ***the proper local authorities of the municipality***, in addition to other remedies, ***may institute in the name of the municipality any appropriate action or proceedings to prevent such unlawful erection, construction, . . . maintenance or use; to restrain, correct, or abate such violation; to prevent the occupancy of said building*** [***or***] ***structure . . . ; or to prevent any illegal act, conduct, business or use in or about such premises***.

(Emphasis added.)

2

on a lot in a residential zoning district and in the absence of a building permit. We affirm.

Landowner resides on a parcel of property in a Borough residential district. In June 2017, a neighboring landowner constructed a commercial building on a parcel of property adjacent to Landowner's parcel. The adjacent parcel crosses the boundary between the Borough and the Borough of Canonsburg (Canonsburg) with approximately 90% of the building located in the Borough and 10% located in Canonsburg.[3] The portion of the adjacent parcel in Canonsburg is zoned for commercial uses while, as indicated, the portion in the Borough is zoned for residential uses.[4] The County's tax parcel number for the adjacent parcel sets the parcel in Canonsburg and the neighboring landowner pays all of the local property taxes to Canonsburg. The neighboring landowner applied for and received all of the necessary permits from Canonsburg before constructing the commercial building.

On August 24, 2017, Landowner filed the instant Complaint seeking mandamus relief[5] to compel the Borough to enforce the provisions of the Ordinance.

---

[3] In pertinent part, a surveyor testified before the trial court: "Practically all of the building is in [the] Borough. Only a small corner of it, that being the southeastern corner is in [Canonsburg]." Reproduced Record (RR) at 26a.

[4] *See, e.g.*, Section 295-7 of the Ordinance ("When a district boundary line divides a lot held in single and separate ownership . . ., the regulations as to the use in the less restricted district shall extend over the portion of the lot in the more restricted district a distance of not more than 100 feet beyond the district boundary line.").

[5] As this Court has explained:

> The common law writ of mandamus lies to compel an official's performance of a ministerial act or a mandatory duty. "The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief." Mandamus requires "[1] a clear legal right in the plaintiff, [2] a corresponding

**(Footnote continued on next page…)**

3

*See* Reproduced Record (RR) at 1a-7a.  In pertinent part, the Complaint alleges: "[t]he Borough did not require the [neighboring] landowner to obtain a building permit in violation of [Article IX] of the [Ordinance]"; "[t]he Borough has not issued a certificate of use in violation of [Article IX] of the [O]rdinance"; Landowner "has on multiple occasions advised the [Borough] that the commercial building is illegally constructed in an area zoning residential"; the Borough "ha[s] failed to act upon [Landowner's] notifications"; and Landowner "has no other adequate remedy at law to enforce the [Ordinance]." *Id.* at 3a-4a.  Following a nonjury trial, the trial court issued an order entering judgment in the Borough's favor and against Landowner,[6] and Landowner then filed the instant timely appeal.

---

duty in the defendant, and [3] a lack of any other adequate and appropriate remedy at law."  Mandamus is not available to establish legal rights but only to enforce rights that have been established.  As a high prerogative writ, mandamus is rarely issued and never to interfere with a public official's exercise of discretion.

\* \* \*

When the official refuses to exercise discretion, a writ of mandamus "will lie" to compel the official to do so.  Notably, where a public official "is clothed with discretionary powers, and has exercised those powers, mandamus will not lie to compel a revision of the decision resulting from such exercise of discretion, ***though in fact, the decision may be wrong***."

*Sinkiewicz v. Susquehanna County Board of Commissioners*, 131 A.3d 541, 546 (Pa. Cmwlth. 2015) (citations omitted and emphasis in original).

[6] In relevant part, the trial court's Opinion and Order states:

[The] Borough argued that because [Canonsburg] exercised its jurisdiction over the subject parcel, [it] did not have any jurisdiction over the property.  At the time when Canonsburg issued its permits necessary to construct the building, all parties were

**(Footnote continued on next page…)**

4

On appeal,[7] Landowner claims: (1) the Borough should be mandated to enforce the Ordinance; and (2) the Borough's actions caused damage to Landowner which Landowner is entitled to recover.[8]

As the Supreme Court has observed:

"Mandamus is an extraordinary writ that will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other appropriate or adequate remedy." It may be used to compel performance of a ministerial duty, or to

operating under the assumption that the parcel was in Canonsburg, because it had a [Canonsburg] Parcel [Identification] number and Canonsburg received all tax revenue from the parcel. The [Borough's z]oning officer [] testified that he became aware of a dispute between the property owners over a road and he determined that [the adjoining landowner] had all the necessary permits from [Canonsburg] as he began construction. [The zoning officer] indicated that he gave deference to those permits issued by the neighboring municipality.

\* \* \*

The [c]ourt found that the mandamus action must fail because [the Borough] exercised its discretion not to enforce its own ordinance by deferring to the actions taken by [Canonsburg] with respect to [the adjoining landowner's] property.

Trial Ct. 11/6/20 Op.at 3-4.

[7] "This Court's review of a trial court's denial of a writ of mandamus determines whether the trial court committed an error of law or abused its discretion, and whether substantial evidence exists to support its findings. Our scope of review on factual findings is deferential. Our standard of review of legal questions is *de novo*." *Sinkiewicz*, 131 A.3d at 545 n.6 (citations omitted).

[8] *See* Section 8303 of the Judicial Code, 42 Pa. C.S. §8303 ("A person who is adjudged in an action in the nature of mandamus to have failed or refused without lawful justification to perform a duty required by law shall be liable in damages to the person aggrieved by such failure or refusal.").

> compel action in a matter involving judgment or discretion. However, it may not be used to direct the exercise of judgment or discretion in a particular way, or to direct the retraction or reversal of an action already taken. "Mandamus is a device that is available in our system to compel a tribunal or administrative agency to act when that tribunal or agency has been 'sitting on its hands.'"

*Chanceford Aviation Properties, L.L.P. v. Chanceford Township Board of Supervisors*, 923 A.2d 1099, 1107-08 (Pa. 2007) (*Chanceford*) (citations omitted).

As outlined above, in this case, the trial court credited the testimony of the Borough's zoning officer that he became aware of a dispute between Landowner and the adjoining property owner over a road dispute, and that he determined that the adjoining landowner had all the necessary permits from Canonsburg as he began construction of the commercial building. The trial court also credited the zoning officer's testimony that he gave deference to those permits that had been issued by Canonsburg.[9] In addition, as stated above, Section 295-31.C. of the Ordinance states, in pertinent part, that the Borough "*may* institute . . . any appropriate action or proceedings" to prevent such a purportedly unlawful construction and use of the property, or to abate the alleged zoning violations once it was discovered that the building was constructed on land that was actually located in the Borough.

However, as indicated, mandamus may not be used to compel the Borough to exercise its discretion in some manner or to reverse its decision to forego enforcement of the Ordinance based on the adjoining landowner's compliance with Canonsburg's zoning ordinance. *See Chanceford*, 923 A.2d at 1108 ("[Mandamus]

---

[9] The trial court's findings in this regard are amply supported by substantial record evidence. *See* RR at 104a-06a, 115a-17a, 120a-21a. As a result, these findings are binding on this Court in this appeal. *See Sinkiewicz*, 131 A.3d at 545 n.6 ("Our scope of review on factual findings is deferential. *Reading Area Water Authority v. Schuylkill River Greenway Association*, [100 A.3d 572, 577 (Pa. 2014)].").

6

may not be used to direct the exercise of judgment or discretion in a particular way, or to direct the retraction or reversal of an action already taken."); *see also Morgalo v. Gorniak*, 134 A.3d 1139, 1145 (Pa. Cmwlth. 2016) ("[M]andamus may not be used to reverse actions the Department [of Corrections] has already taken; thus, it cannot be the basis upon which this Court may order the Department to stop the deductions [from a prison account] and return previously deducted funds. *See* [*Chanceford*].").

Moreover, contrary to Landowner's assertion in the Complaint, Section 617 of the Pennsylvania Municipalities Planning Code (MPC)[10] provides an adequate and available statutory remedy of which Landowner has failed to avail himself in this matter. It is settled that a writ of mandamus will not lie where, as here, Landowner has not first sought relief under Section 617 of the MPC. *See, e.g.*, *Hanson v. Lower Frederick Township Board of Supervisors*, 667 A.2d 1221, 1223 (Pa. Cmwlth. 1995) ("Since [S]ection 617 provides [the landowner] with a remedy, mandamus under such circumstances is not appropriate. *Hellertown Manufacturing*

---

[10] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10617. Section 617 states:

> In case any building, structure, landscaping, or land is . . . erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance enacted under this act or prior enabling laws, . . . any aggrieved owner or tenant of real property who shows that his property or person will be substantially affected by the alleged violation, in addition to other remedies, may institute any appropriate action or proceeding to prevent, restrain, correct or abate such building, structure, landscaping or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation. When any such action is instituted by a landowner or tenant, notice of that action shall be served upon the municipality at least 30 days prior to the time the action is begun by serving a copy of the complaint on the governing body of the municipality. No such action may be maintained until such notice has been given.

7

*Company v. Scheiner*, [506 A.2d 487, 489 (Pa. Cmwlth. 1986)] (mandamus will issue to compel performance of a mandatory act, where the right to relief is clear and no other adequate and appropriate remedy exists).").[11]

---

[11] *See also Bell v. Township of Spring Brook, Pennsylvania* (Pa. Cmwlth., No. 2253 C.D. 2012, filed July 11, 2013), slip op. at 17-18, wherein we stated:

> [O]ur Supreme Court's decision in *Frye* [*Construction, Inc. v. City of Monongahela*, 584 A.2d 946 (Pa. 1991) (*Frye*),] does not compel the result [that the landowner] seeks here. That case involved a landowner's suit against the city, its officers, ***and an adjacent landowner*** who obtained permission to build a storage building, but instead built a carrier pigeon loft in violation of the zoning ordinance. After complaining to the zoning authorities, the landowner filed suit in common pleas court. The landowner's mandamus claim against the city was dismissed for failure to exhaust administrative and statutory remedies. At the outset of its opinion, the Supreme Court specifically stated the dismissal of the mandamus claim against the city was not before it. *Id.* [at 947]. As to the landowner's enforcement action ***against the offending neighbor***, however, the Supreme Court determined that equity action was appropriate and could proceed without requiring the landowner to first exhaust administrative remedies.

> Here, unlike in *Frye*, we are ***not*** confronted with the propriety of an equity action ***against an offending neighbor***, such as that sanctioned by the Supreme Court in *Frye* and expressly authorized under Section 617 of the MPC. Rather, this case concerns the propriety of [the landowner's] mandamus action against the [t]ownship. In *Frye*, the Supreme Court expressly declined to address the propriety of the landowner's mandamus action against the municipality. Thus, *Frye* does not support [the landowner's] position here.

(Emphasis in original.); *Grabowsky v. Borough of Whitehall* (Pa. Cmwlth., No. 99 C.D. 2020, filed November 10, 2020), slip op. at 10 ("[G]enerally, courts may dismiss a mandamus action when there is a statutory remedy available. *See Fassman v. Skrocki*, 390 A.2d 336, 338 (Pa. Cmwlth. 1978) (proper dismissal of mandamus action for failure to exhaust an adequate statutory remedy). As this Court recently confirmed, mandamus is not an appropriate remedy for an adjoining
**(Footnote continued on next page…)**

Accordingly, the trial court's order is affirmed.[12]



MICHAEL H. WOJCIK, Judge

landowner to obtain relief from a neighbor's violation of an ordinance because a statute offers a remedy. *See* [*Bell*] (analyzing [*Hanson*]).") (footnote omitted).

[12] It is well settled that this Court may affirm on any basis appearing in the record. *Kohl v. New Sewickley Township Zoning Hearing Board*, 108 A.3d 961, 973 n.12 (Pa. Cmwlth. 2015).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Shuba,                          :
                                        :
                    Appellant           :
                                        :
          v.                            : No. 115 C.D. 2021
                                        :
Borough of Houston                      :

# **O R D E R**

AND NOW, this 13th day of June, 2024, the order of the Washington County Court of Common Pleas dated November 6, 2020, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge